IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRYAN WILLIAM MANSEAU,<br><br>              Plaintiff,<br><br>     v.<br><br>SHERIFF JIM WINDER et al.,<br><br>              Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-784 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, Bryan William Manseau, a prisoner at Salt Lake County Adult Detention Center, filed this *pro se* civil rights suit.[1]  Reviewing the complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

**Deficiencies in Complaint**

Complaint:

(a)  does not identify an affirmative link between Salt Lake County and the violation of Plaintiff's civil rights.

(b)  states a claim against Salt Lake County, in violation of the municipal-liability doctrine (see below).

(c)  names John Does without any identifying information.

(d)  improperly brings claims against Sheriff James Winder under a respondeat-superior theory.

(e)  has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not

_____

[1]*See* 42 U.S.C.S. § 1983 (2012).

submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[2]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[3]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a

---

[2]Fed. R. Civ. P. 8(a).

[3]*TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

claim on which relief can be granted."[4]   Moreover, "it is not the
proper function of the Court to assume the role of advocate for a
pro se litigant."[5]   Thus, the Court cannot "supply additional
facts, [or] construct a legal theory for plaintiff that assumes
facts that have not been pleaded."[6]

Plaintiff should consider these points when refiling his
complaint.  First, the revised complaint must stand entirely on
its own and shall not refer to, or incorporate by reference, any
portion of the original complaint or supplement.[7]   Second, the
complaint must clearly state what each individual defendant did
to violate Plaintiff's civil rights.[8]   "To state a claim, a
complaint must 'make clear exactly *who* is alleged to have done
*what* to *whom*.'"[9]   Third, Plaintiff cannot name someone as a
defendant based solely on his or her supervisory position.[10]

---

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[5]*Id.* at 1110.

[6]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating
amended complaint supercedes original).

[8]*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating
personal participation of each named defendant is essential allegation in
civil rights action).

[9]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009)
(unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d
1242, 1250 (10th Cir. 2008)).

[10]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating
supervisory status alone is insufficient to support liability under § 1983).

And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, to establish the liability of municipal entities, such as Salt Lake County, under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[11]  Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*.[12]

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Salt Lake County.  Thus, the Court concludes that Plaintiff's Complaint, as it stands, appears to fail to state claims against Salt Lake County.

### ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

---

[11]*Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

[12]*See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

4

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 31st day of October, 2012.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court